

# THE ATTORNEY GENERAL
## OF TEXAS

GROVER SELLERS      AUSTIN 11, TEXAS
~~JOHNS XXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

Honorable R. F. Robinson
County Attorney
Willacy County
Raymondville, Texas

Dear Mr. Robinson:

         Opinion No. 0-7419
         Re: Construction of Senate Bill No. 123
             of the 49th Legislature as to its
             applicability to County Clerk, under
             the facts stated.

       We beg to acknowledge receipt of your request for an opinion upon the above-captioned subject matter, your letter being as follows:

       "I would like your opinion at your earliest convenience on the question as to whether or not the authorized increase in salary to County officials in an amount not to exceed 25% would be applicable to the amount authorized to be paid to the County Clerk for keeping the Finance Ledger of the County.

       "The Commissioners' Court of Willacy County has passed an order increasing such salary for the keeping of the Finance Ledger, provided the same should be considered lawful.

       "I feel sure that this matter has probably been brought to your attention before this time and that you will be able to furnish us with your opinion within a very short time."

       Senate Bill No. 123 amended the following Articles of the Revised Civil Statutes, making them to read as follows:

       "Article 3891: "(a) The Commissioners Court is hereby authorized, when in their judgment the financial condition of the county and the needs of the officers justify the increase, to enter an order increasing the compensation of the precinct, county and district officers in an additional amount not to exceed twenty-five (25%) per cent of the sum allowed under the law for the fiscal year of 1944, provided

the total compensation authorized under the law for the fiscal year of 1944 did not exceed the sum of Thirty-six Hundred ($3600.00) Dollars."

Article 3902: "9. The Commissioners Court is hereby authorized, when in their judgment the financial condition of the county and the needs of the deputies, assistants and clerks of any district, county or precinct officer justify the increase, to enter an order increasing the compensation of such deputy, assistant or clerk in an additional amount not to exceed twenty-five (25%) per cent of the sum allowed under the law for the fiscal year of 1944, provided the total compensation authorized under the law for the fiscal year of 1944 did not exceed Thirty-six Hundred ($3600.00) Dollars."

Article 3912e, Sec. 13: "(e) The Commissioners Court is hereby authorized, when in their judgment the financial condition of the county and the needs of the officers justify the increase, to enter an order increasing the compensation of the precinct, county and district officers in an additional amount not to exceed twenty-five (25%) per cent of the sum allowed under the law for the fiscal year of 1944, provided the total compensation authorized under the law for the fiscal year of 1944 did not exceed the sum of Thirty-six Hundred ($3600.00) Dollars."

The emergency clause is as follows:

"The fact that the cost of living is rising and the purchasing power of the dollar is decreasing, and that wages and salaries in private industry have increased to an extent that public officers and employees continue in their offices at a sacrifice in many instances; and the further fact of the crowded condition of the calendar, creates an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House be suspended, and said Rule is hereby suspended, and this Act shall take effect and be in force from and after its passage, and it is so enacted."

Each of the articles and sections thus amended authorizes the twenty-five percent additional amount of compensation to "precinct, county and district officers." Undoubtedly this includes the County Clerk.

Senate Bill No. 123, authorizing such increase of

compensation to the officers coming within its scope, makes no distinction as to the character of services performed by such officers, and the increase is not allowed for any particular class of service, but is an overall increase in the compensation hitherto allowed to such officers.

Perhaps the confusion giving rise to your specific mention of keeping the finance ledger grows out of the fact that Article 1644 of the Revised Civil Statutes, Vernon's codification, provides specifically for a compensation for that particular service.

However, Section 3 of Article 3912e forbids the extra compensation in your county in the following emphatic language:

"In all cases where the Commissioners' court shall have determined that county officers or precinct officers in such county shall be compensated for their services by the payment of annual salary, neither the State of Texas nor any county shall be charged with or pay to any of the officers so compensated, any fee or commission for the performance of any or all of the duties of their offices, but such officers shall receive said salary in lieu of other fees, commissions or compensations which they would otherwise be authorized to retain; * * *."

We trust that what we have said sufficiently answers your inquiry.

APPROVED OCTOBER 4, 1946

/S/ Grover Sellers

ATTORNEY GENERAL OF TEXAS

OS-MR-AMM

Very truly yours

ATTORNEY GENERAL OF TEXAS

/S/ Ocie Speer

Ocie Speer
Assistant

APPROVED
Opinion
Committee

By /S/ BWB
Chairman